**E. Ray CARTER; Carter Electric Corporation, Plaintiffs–Appellants,**

v.

**ENGINEERED PRODUCTS COMPANY, Defendant–Appellee.**

**E. Ray Carter; Carter Electric Corporation, Plaintiffs–Appellees,**

v.

**Engineered Products Company, Defendant–Appellant.**

**No. 00–15735, 00–15736.
D.C. No. CV–96–00833–SMM.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2001.

Decided Oct. 4, 2001.

Before POLITZ,* and W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

In the late 1980s, Carter Electric Corporation and E. Ray Carter (collectively, "Carter") designed and began to produce the Rocket Perma–Post ("Perma–Post"). The Perma–Post is a polyvinyl chloride

---

\* Honorable Henry A. Politz, Senior Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

plastic post that supports outdoor lighting fixtures. In 1989, Carter obtained a utility patent for the Perma–Post. Meanwhile, Engineered Products Co. ("EPCO") started producing its own version of the Perma–Post. EPCO specifically avoids using the patented metal bushing of the Perma–Post, but copies most of the remaining elements with only minor variations. EPCO sells its lighting posts under its own name and for resale under the names of other producers. EPCO does not pay any licensing fees to Carter.

On April 4, 1996, Carter filed a complaint in federal district court alleging trade dress infringement under the Lanham Act. The district court denied EPCO's motion for summary judgment and Carter's requests for a jury trial, but on the eve of a bench trial, this court granted Carter's petition for mandamus and ordered that the trial proceed by jury. During the jury trial, the district court granted EPCO's motion for judgment as a matter of law on the issue of willful infringement. On May 21, 1999, the jury found EPCO liable for trade dress infringement of the Perma–Post, and determined actual damages in the amount of $207,797. After entry of judgment, EPCO brought a renewed motion for judgment as a matter of law, and Carter filed a motion to amend the judgment to include additional relief. The district court denied both motions, as well as Carter's motion to reconsider. Carter appeals, and EPCO cross-appeals.

We have carefully considered the record in this case and hold that the district court erred in denying EPCO's motion for judgment as a matter of law. We conclude that Carter failed to prove that the design of the Perma–Post was nonfunctional, and we therefore cannot sustain a finding that EPCO is liable for trade dress infringement. *See Leatherman Tool Group, Inc.*

*v. Cooper Indus., Inc.*, 199 F.3d 1009 (9th Cir.1999); *Disc Golf Ass'n, Inc. v. Champion Discs, Inc.* ., 158 F.3d 1002, 1005 (9th Cir.1998). Because of our holding on the trade dress issue, there is no need to reach the other issues in the case. Accordingly, the judgment of the district court is

REVERSED.